IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENJAMIN RAY READY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12cv502-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiff, Benjamin Ray Ready, applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was 44 years old on the alleged disability onset date and had at least a high school education. Tr. 28. Plaintiff had past relevant work experience as an electrician and electrician's helper. *Id*. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since September 1, 2008, the alleged onset date." (Step 1) Tr. 24. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative disc disease of the lumbar spine and degenerative disease of the left shoulder." *Id*. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Tr. 25. Next, the ALJ found that Plaintiff "has the [RFC] to perform sedentary work" with additional limitations. Tr. 25. The ALJ then concluded that Plaintiff was unable to perform past relevant work (Step 4) Tr. 28. At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with a VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 27. The

ALJ identified the following occupations as examples: "survey system monitor," and "telemarketer." Tr. 28. Accordingly, the ALJ determined that Plaintiff had not been under a disability from the alleged onset date, through the date of the decision. *Id*.

## IV. DISCUSSION

Plaintiff's sole contention is that "the ALJ failed to give appropriate weight and consideration to the opinion of [his] treating physician, Dr. Herrick." Pl.'s Br. (Doc. 12) at 4. Plaintiff argues that Dr. Harrick's opinion is in contradiction with the RFC. Specifically, Dr. Harrick completed a Clinical Assessment of Pain, in which he opined that the pain Plaintiff experienced would be distracting to such an extent "as to be distracting to adequate performance of daily activities of work." Tr. 247. Dr. Harrick also completed a Physical Capabilities Evaluation in which he opined that Plaintiff would likely be absent from work 3 days per month. Tr. 248. Plaintiff argues that the ALJ "offered [a] very limited and non-specific rationale" in declining to give Dr. Harrick's opinion controlling weight. Pl.'s Br. (Doc. 12) at 6.

Normally an ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *See Phillips*, 357 F.3d at 1240. "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. at 1240-41. Further, "[t]he ALJ must clearly articulate the reasons for

6

giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

In this case, the ALJ's treatment of Dr. Harrick's opinion is not so "cut and dry" as an outright rejection or acceptance. The Physical Capabilities Evaluation form, completed by Dr. Harrick indicated many limitations to physical functioning. The RFC also includes many physical limitations above that of sedentary work. Some of the RFC limitations are equal to, or greater than, those found by Dr. Harrick. This is why the ALJ stated that he had "considered Dr. Herrick's opinion and grants his opinion with regards to the claimant's pain little weight as it is based on the claimant's subjective self-assessments of pain; however, with regards to the claimant's exertional and non-exertional limitations, the undersigned has given some weight to Dr. Herrick's opinion in determining the claimant's residual functional capacity assessment." Tr. 28. Where the ALJ rejected Dr. Harrick's opinion with regard to Plaintiff's complaints of pain, the ALJ articulated his reason for the rejection—because the opinion was based on Plaintiff's subjective complaints of pain, which the ALJ found to be incredible.

Plaintiff argues that this basis for rejection is invalid, because "there is no evidence in the opinion that would indicate that Dr. Herrick based his opinion on

anything other than his own objective, professional opinion." Pl.'s Br. (Doc. 12) at 6. However, there is nothing in the record to suggest that the Clinical Assessment of Pain was based on anything but Plaintiff's subjective complaints of pain. Indeed, while the Clinical Assessment of Pain states that activities such as walking, standing, sitting, bending, stooping, moving of extremidies, etc. . ., increase the degree of pain experienced by such an extent "as to be distracting to adequate performance of daily activities of work," the Physical Capabilities Evaluation states that Plaintiff can lift and/or carry 20lbs. occasionally and 10lbs frequently, sit 4 hours during an 8-hour work day, stand or walk for 2 hours during an 8-hour work day, occasionally push and pull and operate motor vehicles. Tr. 247-48. Moreover, Plaintiff testified that he is able to hunt and fish, mow the yard, rake leaves, and perform other activities inconsistent with the pain level described in the Clinical Assessment of Pain. Finally, Dr. Herrick's treatment notes and the other medical evidence of record, including that of consultative examiner Dr. Colley, are inconsistent with the Clinical Assessment of Pain.[5] "Good cause to discount a treating physician may arise where a report 'is not accompanied by objective medical evidence or is wholly conclusory.'" *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 922 (11th Cir. 2007) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004)). Here the report is not accompanied by objective medical evidence of

---

[5] Dr. Harrick's treatment notes states that while Plaintiff rated his pain as a 9 out of 10 intensity, he also informed the doctor that he was "doing pretty well." Tr. 27

disabling pain, and appears wholly conclusory and based on Plaintiff's subjective complaints of pain, which the ALJ properly discounted. Plaintiff's argument that the ALJ offered only a "very limited and non-specific rationale" for the portions of Dr. Herrick's opinion that were rejected is completely undermined by the ALJ's opinion.

The same is true for the portions of the Physical Capabilities Evaluation by Dr. Herrick that the ALJ adopted and rejected. The ALJ announced that he would accord the opinion some weight. The RFC and the ALJ's opinion reflect that the ALJ went beyond some of the restrictions in the Physical Capabilities Evaluation. The finding of sedentary work with additional limitations necessarily means that the ALJ adopted portions of the doctor's opinions. Plaintiff's arguments regarding the ALJ's treatment of the Physical Capabilities Evaluation indicate there is no merit to this claim. That is, in this section of his brief, Plaintiff simply reargues Dr. Herrick's findings regarding pain. Even in that section, while detailing Plaintiff's history of back problems, Plaintiff points to Dr. Herrick's statements referring to Plaintiff's subjective reports of pain to the doctor. Those subjective reports are insufficient, especially where Plaintiff's credibility is in question[6] and are inapposite to the objective medial evidence

---

[6] The court also notes that there is sufficient evidence in support of the ALJ's credibility findings where Plaintiff testified that he left Alfa Acme Electric in 2009 because he was in too much pain, when in reality he was let go due to slow business. Tr. 24. In addition, Plaintiff initially testified that he could perform a sedentary job with a sit and stand option, but then began complaining about poor eyesight and handwriting. Tr. 59. Finally, Plaintiff also testified that he went hunting for one or two days at a time, "[b]ut [] couldn't afford to go all the time." Tr. 61.

Accordingly, the court finds no error in the ALJ's rejection of portions of Dr. Herrick's opinion.

## VI.  CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 19th day of November, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE